IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SUBSTATION K, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-cv-00031-SRB ) |
| KANSAS CITY POWER & LIGHT COMPANY, | ) ) ) ) |
| Defendant. | ) |

## **ORDER**

Before this Court is Defendant Kansas City Power & Light Company's Motion to Dismiss Plaintiff's Complaint. (Doc. #13). On June 5, 2019, the Court held a hearing on Defendant's motion. For reasons discussed at the hearing and below, the motion is granted in part and denied in part.

**I.  Legal Standard**

Defendant brings its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1] Under Rule 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual

---

[1] Defendant also invokes Rule 12(b)(1), arguing this Court lacks subject-matter jurisdiction over Plaintiff's federal environmental law claims because Plaintiff failed to comply with the notice requirements under the citizen suit provisions of those laws. As will be discussed below, this Court need not decide whether these notice requirements implicate the Court's subject-matter jurisdiction over these claims.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (internal citation quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). The Court must accept all facts alleged in the complaint as true when deciding a motion to dismiss. *Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable"). However, allegations that are "legal conclusions or formulaic recitation of the elements of a cause of action . . . may properly be set aside." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 677)

## II. Background

Plaintiff Substation K, Inc.'s Complaint alleges the following facts, which the Court accepts as true in deciding Defendant's motion. *Data Mfg.*, 557 F.3d at 851. Plaintiff seeks relief for alleged environmental law violations and state-law claims relating to a facility in Kansas City, Missouri (the "Site"). (Doc. #1, ¶ 2). Defendant "owned and operated the Site beginning in or about 1911 and continuously thereafter through on or about January 1, 1961." (Doc. #1, ¶ 2). During these five decades, Defendant "operated the Site as a Sub-Station for its railway and electrical conversion and distribution businesses." (Doc. #1, ¶ 2). These operations "included the use of significant quantities of toxic chemicals," including polychlorinated biphenyl ("PCB"). (Doc. #1, ¶ 2). Plaintiff has owned the Site since December 1996. (Doc. #1, ¶ 3). From December 1996 through July 2017, Plaintiff "utilized the Site as commercial office space supporting its video production and post production business." (Doc. #1, ¶ 3). "Preliminary investigative activities" conducted in May and June 2017 revealed "the presence of PCB and various chlorinated solvents

or volatile organic compounds . . . in the soils and groundwater in, at, on, underlying, emanating from and in the vicinity of the Site." (Doc. #1, ¶¶ 41–42). "Because of their toxicity, each of these substances is subject to comprehensive federal regulations." (Doc. #1, ¶¶ 5). Samples taken at the Site "confirmed" levels of these substances "in soil and groundwater at the Site which exceed standards established by the United States Environmental Protection Agency and the State of Missouri." (Doc. #1, ¶ 42). "The PCB, hazardous waste and solid waste abandoned, discharged and disposed of by [Defendant] . . . may present an imminent and substantial endangerment to health or the environment." (Doc. #1, ¶ 45).

On September 6, 2018, Defendant received a letter from Plaintiff titled "Notice of Violation and Intention to Sue Pursuant to 15 U.S.C. § 2619 and 42 U.S.C. § 6972" ("Notice"). (Doc. #14-1). On January 15, 2019, Plaintiff filed this lawsuit, bringing claims for violation of the Toxic Substances Control Act ("TSCA"), 15 U.S.C. § 2601 *et seq.* (Count I); violations of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6901 *et seq.* (Counts II and III); public nuisance *per se* (Count IV); recovery of nuisance abatement costs (Count V); and negligence (Count VI). (Doc. #1). Regarding Defendant's alleged TSCA and RCRA violations, Plaintiff "seeks mandatory, prospective injunctive relief."[2] (Doc. #1, ¶¶ 2). Defendant brings the present motion to dismiss, arguing that the Court lacks subject-matter jurisdiction over Counts I–III because Plaintiff failed to comply with the notice requirements under TSCA and RCRA and that all of Plaintiff's Counts fail to state a claim upon which relief can be granted. (Doc. #14).

---

[2] On June 6, 2019, this Court denied Plaintiff's motion for a preliminary injunction. (Doc. #12).

### III. Discussion

#### A. Plaintiff's Notice of Violation

TSCA and RCRA both include citizen suit provisions, under which any person has standing to sue for violations. 15 U.S.C. § 2619; 42 U.S.C. § 6972. These citizen suit provisions each impose notice and delay requirements that a person must satisfy before bringing a citizen suit. 15 U.S.C. § 2619(b); 42 U.S.C. § 6972(b); *Hallstrom v. Tillamook County*, 493 U.S. 20, 23, 31 (1989) (noting that TSCA's and RCRA's notice and delay requirements are "patterned after" those in the Clean Water Act and holding that RCRA notice and delay requirements "are mandatory conditions precedent to commencing" a RCRA citizen suit and that "the district court must dismiss" an action "where a party suing under the citizen suit provisions of RCRA fails to meet" these requirements). Under TSCA, this notice must

> include sufficient information to permit the recipient to identify: (1) The specific provision of TSCA or of the rule or order under TSCA alleged to have been violated. (2) The activity alleged to constitute a violation. (3) The person or persons responsible for the alleged violation. (4) The location of the alleged violation. (5) The date or dates of the alleged violation as closely as the citizen is able to specify them. (6) The full name, address, and telephone number of the citizen giving notice.

40 C.F.R. § 702.62. Under RCRA, the required content for notices is nearly identical to that under TSCA.[3] Defendant argues that the statutory notice requirements are jurisdictional prerequisites and that, because Plaintiff failed to sufficiently comply with these notice requirements, this Court lacks subject-matter jurisdiction over Plaintiff's TSCA and RCRA

---

[3] *See* 40 C.F.R. § 254.3 ("Notice regarding an alleged violation of a permit, standard, regulation, condition, requirement, or order which has become effective under [RCRA] shall include sufficient information to permit the recipient to identify the specific permit, standard, regulation, condition, requirement, or order which has allegedly been violated, the activity alleged to constitute a violation, the person or persons responsible for the alleged violation, the date or dates of the violation, and the full name, address, and telephone number of the person giving notice.").

claims. (Doc. #14, pp. 7–10). Plaintiff argues that the notice requirements are not jurisdictional and that it has satisfied them. (Doc. #22, pp. 6–8).

Here, without answering the jurisdictional question, the Court finds that Plaintiff satisfies each statute's notice requirement.[4] The Notice states that Plaintiff's "suit will allege a violation, among other things, of" several sections of TSCA, RCRA, and related regulations. (Doc. #14-1, p. 8–10). The Notice also discusses Defendant's alleged activities that constitute the violations, the person responsible for the alleged violations, the location and dates of the alleged violations, and the contact information of the citizen giving notice. (Doc. #14-1, pp. 81–3, 8–10). Insufficient notice does not provide a ground for dismissal here—whether such dismissal would otherwise have been for lack of subject-matter jurisdiction or for failure to state a claim.

## B. Plaintiff's Complaint

### i. TSCA Claim (Count I)

Under TSCA's citizen suit provision, "any person may commence a civil action . . . against any person . . . who is alleged to be in violation of" TSCA's substantive provisions and regulations promulgated under them "to restrain such violation." 15 U.S.C. § 2619(a)(1). The Eighth Circuit has not addressed whether TSCA allows mandatory injunctions to remedy past violations as opposed to prohibitory ones to restrain ongoing violations. At least one circuit court and several district courts have addressed this question and answered it in the negative.

---

[4] The Eighth Circuit has not addressed whether TSCA's or RCRA's notice requirement is jurisdictional. At least one district court in the Eighth Circuit has answered this question in the affirmative regarding each statute. *See Ward v. Kramer Sch. Art Loft Ltd. P'ship*, No. 4:13CV0660 JM, 2015 WL 13652911, at *2 (E.D. Ark. Feb. 26, 2015) (citing *Public Interest Research Group of New Jersey, Inc. v. Windall*, 51 F.3d 1179 (3rd Cir. 1995); *New Mexico Citizens for Clean Air & Water v. Espanola Mercantile Co.*, 72 F.3d 830 (10th Cir. 1996)) (holding that TSCA's "notice requirement constitutes a jurisdictional prerequisite and, as a result, a subsequent complaint will be dismissed if the notice is not properly served"); *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 33 F. Supp. 2d 1143, 1155–56 (W.D. Mo. 1998) (holding that the court "never had subject matter jurisdiction over" RCRA claim because plaintiff failed "to comply with the RCRA notice and delay requirement"). Here, the Court does not need to decide whether these notice requirements are jurisdictional to decide whether Plaintiff has satisfied them. *See Hallstrom*, 493 U.S. at 31 ("[W]e need not determine whether § 6972(b) is jurisdictional in the strict sense of the term.").

5

*See Leibhart v. SPX Corp.*, 917 F.3d 952, 961 (7th Cir. 2019) ("Unlike RCRA, which authorizes mandatory injunctions to compel remediation of previous violations, TSCA authorizes only prohibitory injunctions to stop ongoing violations."); *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 117 F. Supp. 3d 276, 295 (S.D.N.Y. 2015) (holding that plaintiffs bringing TSCA citizen suits "are limited to injunctive relief for ongoing violations"); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany, N.Y.*, 250 F. Supp. 2d 48, 59–60 (N.D.N.Y. 2003) (holding that "[b]ecause the word ["restrain"] is in the present tense, and you cannot control, check, limit, or restrict anything that has already stopped, it is implied in the statutory language [of TSCA] that a citizen suit may seek 'to restrain' something that is ongoing or continuous, and that may continue in the future").

In Count I, Plaintiff alleges that Defendant's "handling, management, abandonment, discharge and disposal of PCB, which was and is in violation of" TSCA's substantive provisions and corresponding regulations, "has contaminated soil, surface water, and groundwater" at the Site and "presents an ongoing violation of TSCA." (Doc. #1, ¶ 63). Plaintiff seeks "both mandatory preliminary and permanent injunctive relief requiring [Defendant] to take all action necessary to investigate and abate the ongoing TSCA violations," including "enjoining [Defendant], at its sole cost, to immediately cease, and forthwith abate the consequences of, its past, present and ongoing violations of TSCA and Federal PCB Regulation." (Doc. #1, ¶¶ 65, 109). Plaintiff also requests "all fees and costs incurred by [Plaintiff] in the oversight and monitoring of [Defendant's] compliance with all terms of" the requested injunctive relief. (Doc. #1, ¶ 110). Defendant argues that TSCA allows citizen suits only for ongoing violations, that Plaintiff does not sufficiently plead an ongoing violation of TSCA, and that, "[e]ven if Plaintiff could show an ongoing violation by [Defendant]," the relief Plaintiff seeks "is, admittedly, not

limited to a prohibitory injunction to 'restrain' a present violation." (Doc. #14, pp. 11–13). Plaintiff does not directly address Defendant's argument regarding TSCA's scope, instead arguing that Count I "alleges ongoing violations of the Federal PCB Regulations" under TSCA and that these allegations are "well pled" and made in "good faith." (Doc. #22, pp. 10, 16).

In accordance with the other federal courts that have addressed the issue, this Court finds that the plain language of TSCA's citizen suit provision allows only prohibitory injunctions, not mandatory ones. *See Leibhart*, 917 F.3d at 961; *In re MTBE*, 117 F. Supp. 3d at 295; *Arbor Hill*, 250 F. Supp. 2d at 59–60. Moreover, TSCA does not provide for recovery of money damages in a citizen suit. *See In re MTBE*, 117 F. Supp. 3d at 295 (holding that, while EPA may seek damages under TSCA, plaintiffs bringing citizen suits under TSCA "are limited to injunctive relief for ongoing violations"). Therefore, to the extent Plaintiff's Count I seeks mandatory injunctive relief under TSCA and to recover costs for oversight and monitoring of Defendant's compliance with any injunctive relief this Court awards, Defendant's motion is granted. Otherwise, Defendant's motion to dismiss Count I is denied. The parties' dispute over whether Defendant's alleged violation of TSCA is wholly past or ongoing is a fact dispute not appropriate for resolution at this stage of the litigation. *See Arbor Hill*, 250 F. Supp. 2d at 60 n.4 (holding that "whether the [TSCA] violations are ongoing is the heart of the dispute between the parties, and deciding the factually intense question at [the dismissal] stage of the litigation is impermissible"). Defendant's motion to dismiss Count I for failure to state a claim is therefore granted in part and denied in part.

### ii. RCRA Claims (Counts II and III)

RCRA's citizen suit provision states that "any person may commence a civil action . . .

7

against any person . . . . who is alleged to be in violation of any permit, standard, regulation, condition, requirement or order which has become effective pursuant to this chapter." 42 U.S.C. § 6972(a)(1)(A). RCRA also permits citizen suits against

> any person . . . including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility, who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment.

§ 6972(a)(1)(B). For relief, RCRA's citizen suit provision grants district courts

> "jurisdiction . . . to enforce the permit, standard, regulation, condition, requirement, prohibition, or order referred to in paragraph (1)(A), to restrain any person who has contributed or who is contributing to the past or present handling, storage, treatment, transportation, or disposal of any solid or hazardous waste referred to in paragraph (1)(B), to order such person to take such other action as may be necessary, or both . . . ."

§ 6972(a). "Under a plain reading" of RCRA's citizen suit provision, a person can "seek a mandatory injunction, *i.e.*, one that orders a responsible party to 'take action' by attending to the cleanup and proper disposal of toxic waste, or a prohibitory injunction, *i.e.*, one that 'restrains' a responsible party from further violating RCRA." *Meghrig v. KFC Western, Inc.*, 516 U.S. 479, 484 (1996); *Furrer v. Brown*, 62 F.3d 1092, 1094 (8th Cir. 1995) ("Section 6972 gives the federal courts subject matter jurisdiction to hear citizen suits where specific equitable remedies are sought: prohibitory or mandatory injunctive relief 'to enforce,' 'to restrain,' and 'to order . . . other action . . . necessary"). RCRA's citizen suit provision does not authorize courts "to award monetary relief." *Id.* at 1095–96.

In Count II, Plaintiff asserts a claim under § 6972(a)(1)(A). (Doc. #1, p. 14). Plaintiff alleges that Defendant's "disposal of hazardous waste and solid waste . . . was and is in violation [] of RCRA" and that such violation "presents an imminent and substantial endangerment to health

8

and the environment." (Doc. #1, ¶ 70). In Count III, Plaintiff asserts a claim under § 6972(a)(1)(B). Plaintiff alleges that Defendant's "disposal of hazardous waste and solid waste . . . has contaminated soil, surface water, and groundwater in, at, on, underlying, emanating from tand in the vicinity of the Site, and may present an imminent and substantial endangerment to health and the environment." (Doc. #1, ¶ 81). For both Count II and Count III, Plaintiff seeks "preliminary and permanent injunctive relief enjoining [Defendant], at its sole cost, to immediately cease, and forthwith abate the consequences of, its ongoing violations of RCRA" and recovery "of all fees and costs incurred by [Plaintiff] in the oversight and monitoring of [Defendant's] compliance with all terms of the preliminary and permanent injunctive relief" Plaintiff seeks. (Doc. #1, ¶¶ 112–113). Defendant argues that § 6972(a)(1)(A) and (B) are "geared toward restraining present violations, not addressing the consequences of past alleged actions, that Plaintiff does not sufficiently plead an ongoing RCRA violation, and that Plaintiff does not plausibly allege "imminent and substantial endangerment to health and the environment." (Doc. # 14, pp. 15–18). Plaintiff argues that Counts II and III adequately plead ongoing violations of RCRA and that "[t]he word 'may'" in § 6972(a)(1)(B) "is 'expansive language' which is intended to 'confer upon Courts the authority to grant affirmative equitable relief to the extent necessary to eliminate the risk posed by toxic waste.'" (Doc. # 22, pp. 9–10) (quoting *Dague v. City of Burlington*, 935 F.2d 1343, 1355 (2d Cir. 1991)).

Here, Plaintiff's Counts II and III sufficiently plead claims for injunctive relief under RCRA's citizen suit provision. To the extent Counts II and III seek to recover costs for oversight and monitoring of Defendant's compliance with any injunctive relief this Court awards, Defendant's motion to dismiss Counts II and III is granted. *See Furrer*, 62 F.3d at 1095–96. Otherwise, the motion is denied. As with Plaintiff's TSCA claim, the parties' dispute over whether

Defendant's alleged violations of RCRA are ongoing for § 6972 (a)(1)(A) purposes is a fact dispute not appropriate for resolution at this stage of the litigation. Accordingly, Defendant's motion to dismiss Counts II and III for failure to state a claim is granted in part and denied in part.

### iii. Supplemental State-Law Claims (Counts IV–VI)

At the hearing on June 5, 2019, Plaintiff orally moved to amend its supplemental state law claims. Because leave to amend pleadings should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), Plaintiff's oral motion to amend its Complaint is granted to the extent Plaintiff seeks to amend its supplemental state-law claims. Plaintiff is directed to file its Amended Complaint on or before June 14, 2019. To the extent Defendant seeks dismissal of Plaintiff's supplemental state-law claims (Counts IV–VI), Defendant's motion to dismiss is denied without prejudice as moot.

## IV. Conclusion

Accordingly, it is **ORDERED** that Defendant Kansas City Power & Light Company's Motion to Dismiss Plaintiff's Complaint (Doc. #13) is granted in part and denied in part. To the extent Count I seeks mandatory injunctive relief under TSCA and to recover costs for oversight and monitoring of Defendant's compliance with any injunctive relief this Court awards, Defendant's motion to dismiss Count I is granted. To the extent Counts II and III seek to recover costs for oversight and monitoring of Defendant's compliance with any injunctive relief this Court awards, Defendant's motion to dismiss Counts II and III is granted. Otherwise, Defendant's motion to dismiss Counts I–III is denied.

It is **FURTHER ORDERED** that Plaintiff's oral motion to amend its supplemental state-law claims is granted. Plaintiff is directed to file its Amended Complaint on or before June 14,

2019. It is **FURTHER ORDERED** that Defendant's motion to dismiss Counts IV–VI is denied without prejudice as moot.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
JUDGE STEPHEN R. BOUGH
UNITED STATES DISTRICT COURT


DATE: June 7, 2019