# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SUBSTATION K, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KANSAS CITY POWER & LIGHT ) <br> COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Case No. 19-cv-00031-SRB |

## ORDER

Before the Court is Defendant Kansas City Power & Light Company's Motion to Exclude Plaintiff's Expert John Tanaka and Memorandum in Support (Doc. #72). For the following reasons the Motion is denied.

### I. Background

Plaintiff seeks to hold Defendant liable under federal environmental statutes for the investigation and cleanup of polychlorinated biphenyls ("PCBs") and other constituents reportedly detected on Plaintiff's property, which was formerly owned by Defendant. Plaintiff has designated John C. Tanaka, Professional Engineer, as an expert witness. In his expert report, Mr. Tanaka opines on the background and characteristics of the property at issue, the history of PCBs, and the existence of PCB-containing equipment on the property. Defendant moves to exclude Mr. Tanaka's testimony under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

## II. Legal Standard

FRE 702 governs the admission of expert testimony. *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006). FRE 702 allows an expert to testify if:

> (a) the expert's … specialized knowledge will help the trier of fact understand the evidence or determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

In fulfilling its "gatekeeping" role, a trial court faced with a proffer of expert testimony must determine at the outset whether the evidence "both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. The *Daubert* Court emphasized that the inquiry required by FRE 702 is intended to be flexible. *Id.* at 594. "The proponent of the expert testimony must prove its admissibility by a preponderance of the evidence." *Lauzon v. Senco Prod., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (citing *Daubert*, 509 U.S. at 592).

Due to the liberalization of expert testimony admission standards signaled by *Daubert* and its progeny, and the codification of this trend in FRE 702, the Eighth Circuit has held that expert testimony should be liberally admitted. *Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 562 (8th Cir. 2014) (citing *United States v. Finch*, 630 F.3d 1057, 1062 (8th Cir. 2011) (doubts about usefulness of expert testimony are resolved in favor of admissibility)); *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006) (expert testimony should be admitted if it advances the trier of fact's understanding "to any degree"); *Lauzon*, 270 F.3d at 686 (FRE 702 "clearly is one of admissibility rather than exclusion") (internal citation and quotation marks omitted). As long as the expert testimony rests upon "good grounds, based on what is known, it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded at the outset." *Johnson*, 754 F.3d at 562 (quoting *Daubert*,

509 U.S. at 596) (internal quotation marks omitted). Exclusion of an expert opinion is proper "only if it is so fundamentally unsupported that it can offer no assistance to the jury." *Wood v. Minn. Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997) (internal citation and quotation marks omitted).

### III. Discussion

Defendant argues Mr. Tanaka is not qualified to offer his opinions and that his opinions are not credible or reliable. More specifically, Defendant argues Mr. Tanaka "suggests that the original non-PCB equipment at the Property might have been replaced with PCB-containing equipment during KCP&L's ownership. Tanaka is not qualified to offer this opinion, and his conclusions are speculative, scientifically unsound, and based on insufficient facts and data." (Doc. #72, p. 1). Plaintiff argues that Mr. Tanaka properly used the record available to "provide[] analysis and opinions regarding the most like[ly] source(s) of the PCBs and other contaminants identified at the [property], as well as the most likely timing of releases of PCBs and other contaminants identified at the [property]." (Doc. #76, p. 1). Plaintiff argues that Mr. Tanaka uses "standard and accepted environmental investigatory and remedial principles and methodologies [to] generate [his] conclusions respecting KCP&L's role with respect to the PCBs and other contaminants identified at the [property]." (Doc. #76, pp. 1–2).

The Court declines to exclude Mr. Tanaka's expert testimony. First, this case is set for a bench trial. Because "*Daubert* is meant to 'protect *juries* from being swayed by dubious'" expert testimony, district courts "relax *Daubert*'s application for bench trials." *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1015 (8th Cir. 2012) (emphasis in original) (quoting *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011)). Second, the Court finds Mr. Tanaka is qualified to give his opinions considering his extensive experience as a

3

professional engineer and environmental consultant, and his familiarity with the subject matter of this case as set forth in his *curriculum vitae*. Third, the Court finds Mr. Tanaka's opinions to be reliable based on facts and data cited throughout his report, and not "so fundamentally unsupported that it can offer no assistance to" this Court in its factfinding role. *See Wood*, 112 F.3d at 309. Moreover, admission of the testimony will not prevent Defendant from challenging Mr. Tanaka's qualifications and any alleged deficiencies or flaws in his expert testimony through the more "traditional and appropriate means of attacking" expert opinions, such as "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596; *Johnson*, 754 F.3d at 562 (As long as the expert testimony rests upon "good grounds, based on what is known, it should be tested by the adversary process with competing expert testimony and cross-examination, rather than excluded at the outset.") (quoting *Daubert*, 509 U.S. at 596) (internal quotation marks omitted); *United States v. Dico, Inc.*, 266 F.3d 864, 872 (8th Cir. 2001) ("[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination.") (quoting *Loudermill v. Dow Chem. Co.*, 863 F.2d 566, 570 (8th Cir.1988) (internal quotation marks omitted)).

## IV. Conclusion

Accordingly, it is **ORDERED** that Defendant Kansas City Power & Light Company's Motion to Exclude Plaintiff's Expert John Tanaka and Memorandum in Support (Doc. #72) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: May 21, 2019